IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **FAYE JACKSON** *on behalf of* **MARY JONES** § § § | | **PLAINTIFF** |
| v. § § § | Civil No. 2:21-cv-135-HSO-RHWR | |
| **WAYNE FARMS, LLC and JOHN DOES 1-10** § § | | **DEFENDANTS** |

**ORDER REQUIRING BRIEFING ON SUBJECT-MATTER JURISDICTION**

This matter is before the Court sua sponte to consider its subject-matter jurisdiction over this case. Because the Court questions whether the amount in controversy is satisfied in this case, it will require briefing on subject-matter jurisdiction on or before **January 19, 2022**.

On July 29, 2021, Plaintiff Faye Jackson ("Plaintiff" or "Jackson"), on behalf of Mary Jones, filed a Complaint [1-3] in the Circuit Court of Jones County, Mississippi, against Defendants Wayne Farms, LLC ("Wayne Farms"), and John Does 1-10. *See* Compl. [1-3]. On October 22, 2021, Wayne Farms removed the case to this Court, invoking diversity jurisdiction. *See* Not. [1] at 1-3. Wayne Farms asserts that there is complete diversity of citizenship and that the amount in controversy is satisfied. *See id.*

"Federal Courts are courts of limited jurisdiction" and must presume a civil action lies outside that limited jurisdiction until the party seeking the federal forum meets its burden of establishing federal jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2021). Although Plaintiff has not filed a motion to remand,

"federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte." *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quotation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Under § 1332, the Court has original subject matter-jurisdiction over a civil action if "the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

As for the amount in controversy, Plaintiff claims that she "suffered upper respiratory problems" after an explosion at Wayne Farms' chemical plant released ammonia fumes into the surrounding area. *See* Compl. [1-3] at 3. Plaintiff states that as a result of Defendant's actions she has "sustained injuries and damages including, but not limited to, physical injuries; past, present, and future pain and suffering; past, present, and future medical expenses; and other damages that will be proved at the trial of this matter." *Id.* at 5. In her Prayer for Relief, Plaintiff "demands damages including actual, compensatory, consequential, and incidental damages, for physical injuries; past, present, and future physical [sic] and any further relief as the Court may deem proper." *Id.* at 5-6. Nowhere in the Complaint [1-3] does Plaintiff request attorneys' fees. *See generally id.*

Because the Complaint seeks an unspecified amount of damages, Wayne Farms "must show by a preponderance of the evidence that the amount-in-controversy requirement is met." *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018). Wayne Farms has presented no evidence as to the amount of

Plaintiff's alleged damages.

In the Notice [1] of Removal, Wayne Farms cites the damages sought and assumes that Plaintiff inadvertently omitted language from the Prayer for Relief. Not. [1] at 2 n.1. Based on similar complaints filed by Plaintiff's counsel, Wayne Farms supposes that Plaintiff is also seeking damages for her "emotional pain and suffering, past, present, and future medical expenses" as well as attorneys' fees. *Id.* at 2. It concludes that these damages, in addition to her actual damages, "are sufficient to create a plausible allegation and a common-sense inference that the amount in controversy exceeds $75,000." *Id.* at 3. Absent from Wayne Farms' Notice [1] of Removal is any evidence supporting its assertion that Plaintiff's pleaded damages are in excess of the jurisdictional requirement. Moreover, there is no proof to support Wayne Farms' assumption that Plaintiff is requesting attorneys' fees.

In light of the foregoing, the Court questions whether the amount in controversy is satisfied. The Court will therefore require Wayne Farms, as the party invoking the Court's jurisdiction, to brief the amount in controversy and submit any relevant evidence.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, Defendant Wayne Farms, LLC, is directed to file a brief and attach any relevant evidence addressing the question of amount in controversy in this case no later than **January 19, 2022**.

**SO ORDERED AND ADJUDGED**, this the 5th day of January, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE